(923 P.2d 520)

No. 74,965

FGB REALTY ADVISORS, INC., f/k/a FIRST GIBRALTAR REALTY ADVISORS, INC., *Appellant*, v. DAVID L. KELLER and LAVETTA KELLER, *Appellees*.

Opinion filed September 13, 1996.

*Richard L. Reid*, of Shapiro & Reid, of Kansas City, for appellant.

*Alan C. Goering*, of Goering and Slinkard, of Medicine Lodge, for appellees.

Before GREEN, P.J., GERNON, J., and ROGG, S.J.

GERNON, J.: FGB Realty Advisors, Inc., f/k/a First Gibraltar Realty Advisors, Inc., (FGB) appeals from an order which granted summary judgment to David L. and Lavetta Keller, finding that FGB's action was barred by the statute of limitations.

The Kellers executed a promissory note in April 1986, secured by a mortgage on their property, in the amount of $37,650 with Barber County Savings and Loan Association. FGB subsequently acquired the note and mortgage in 1993. The Kellers defaulted on the note in 1988.

In July 1993, FGB notified the Kellers by letter that it was exercising the note's option to accelerate the entire balance of the loan and that it was then due. On March 23, 1995, FGB filed an action against the Kellers to foreclose the mortgage.

The Kellers filed a motion to dismiss on the grounds that the 5-year statute of limitations barred the action. Thereupon, the court took evidence and considered matters outside the pleadings, which we construe to convert the motion to dismiss to a motion for summary judgment. The court then made its ruling, and FGB appeals.

FGB argues that the statute of limitations does not run until the declaration is made of the lender's decision to exercise the option to accelerate the entire debt. FGB maintains the date trigger in the statutory bar in this case was July 27, 1993, when its demand letter was mailed to the Kellers.

The Kellers argue that the demand for full payment of the debt was made in 1989 by the predecessor savings and loan and, therefore, FGB's foreclosure action is barred by the 5-year statute of limitations.

Everyone agrees that the statute of limitations for an action on a promissory note and mortgage is 5 years. See K.S.A. 60-511(1). The issue here is when the statute of limitations begins to run for such an action when the note contains an acceleration clause.

Kansas courts have recognized that the acceleration clause in a note or mortgage dictates when a foreclosure action accrues for purposes of the statute of limitations. If the clause provides that the entire debt becomes due on the failure to make payments, the statute of limitations begins to run with the default. *Miles v. Hamilton*, 106 Kan. 804, 806, 189 Pac. 926 (1920). However, if the clause provides the holder of the note with the option to mature the entire debt upon default, the statute of limitations does not begin to run until the holder exercises the option to accelerate the entire amount. *Kennedy v. Gibson*, 68 Kan. 612, 617, 75 Pac. 1044 (1904). If the holder elects not to exercise the option upon default, "the statute would not run earlier than the time originally fixed for the maturity of the note." 68 Kan. at 617.

Here, the acceleration clause in the note states:

"19. Acceleration: Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding."

The above clause indicates that the lender has the option of accelerating the entire indebtedness upon the borrower's default. The clause also indicates the lender must notify the borrower and give the borrower time to cure the default. However, once the borrower is properly notified and given an opportunity to cure the default, further demands are not required before the lender may foreclose on the note and mortgage.

It is well settled that the holder of a note containing an option to accelerate must clearly and unequivocally express an intention to exercise the option and then affirmatively act toward enforcing that intention in order to properly exercise the option. See Annot., 5 A.L.R.2d 968, 970; Annot., 161 A.L.R. 1211, 1212 (citing cases from 22 states).

In *Wentland v. Stewart*, 236 Iowa 661, 666, 19 N.W.2d 661 (1945), the Iowa Supreme Court held that the "mere threat to commence suit, followed by a subsequent statement that 'all is now due,' is not sufficient either to set in motion the limitations statute or to establish an earlier maturity date for any purpose." The court emphasized that the statute of limitations begins running "from the *exercise* of the option but not from the mere *declaration* that the principal is due." 236 Iowa at 666. The court noted that after the declaration occurred in that case, no affirmative acts were made toward enforcing the declared intent. 236 Iowa at 667.

The record in this case is void of any affirmative acts on the part of the savings and loan to enforce any declared intent of acceler-

ating the debt. The savings and loan employee testified that the savings and loan's successor in interest placed a hold on all foreclosure actions at the approximate time a demand was sent to the Kellers in 1989. The Kellers also acknowledged that while they had received several letters threatening foreclosure, no actions were ever brought. Moreover, there is nothing in the record indicating that the letters sent by the prior holders of the note clearly and unequivocally stated that they were exercising the option to accelerate the entire debt. Therefore, we conclude that the saving and loan's demand letter is not sufficient to constitute an election of the option to accelerate and set the statute of limitations in motion. See *Wentland v. Stewart*, 236 Iowa at 666.

The evidence presented here does not conclusively show as a matter of law that the savings and loan pursued any type of affirmative action, other than sending a demand for payment with a right to cure notice. The option to accelerate was never exercised at that time. The record does indicate that in July 1993, FGB sent the Kellers a formal demand in which it clearly and unequivocally stated that it was electing to exercise the option to accelerate the balance of the loan. FGB also affirmatively filed a foreclosure action in March 1995.

We conclude that the statute of limitations did not begin to run until FGB mailed its letter in July 1993. This finding requires us to reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

Reversed and remanded.