618

(69 P.3d 636)

No. 89,303

STATE OF KANSAS, *Appellee*, v. SCOTT E. MANBECK, *Appellant*.

Opinion filed May 30, 2003.

*Shawn Minihan*, assistant appellate defender, for appellant.

*Nanette L. Kemmerly-Weber*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before BEIER, P.J., JOHNSON, J., and WAHL, S.J.

WAHL, J.: Scott E. Manbeck was charged with one count of involuntary manslaughter while driving under the influence of alcohol or drugs, as prohibited by K.S.A. 8-1567 and K.S.A. 2002 Supp. 21-3442. He entered a plea of guilty. At the plea hearing, the district court inquired whether Manbeck had any doubt he was operating a motor vehicle while under the influence of alcohol or drugs, to which Manbeck replied he did not.

The presentence investigation report included four prior convictions for driving while under the influence which were converted from misdemeanors to person felonies under the provision of K.S.A. 2002 Supp. 21-4711(c)(2). Manbeck was given a criminal history score of "A."

Manbeck filed an objection to his criminal history score, claiming the prior offenses could not be converted to felonies because the statute permitting the conversion applied only to cases where a defendant was convicted of driving while under the influence of alcohol *and* drugs. Since he admitted only to driving while under the influence of alcohol *or* drugs, the statute was inapplicable.

The district court found the legislature intended to score all prior convictions for driving while under the influence as person felonies when the current offense involved driving while under the influence of alcohol or drugs. Manbeck was sentenced to 162 months in prison.

Manbeck contends the district court erred in applying K.S.A. 2002 Supp. 4711(c)(2). Manbeck was convicted of violating K.S.A. 2002 Supp. 21-3442, which prohibits the unintentional killing of another human being while committing an act described in K.S.A. 8-1567. The district court applied K.S.A. 2002 Supp. 21-4711(c)(2) to score Manbeck's four prior convictions for driving while under the influence as person felonies.

K.S.A. 2002 Supp. 21-4711(c)(2) provides:

"If the current crime of conviction was committed on or after July 1, 1996, and is for involuntary manslaughter while driving under the influence of alcohol and drugs, each prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for: (A) An act described in K.S.A. 8-1567 and amendments thereto; or (B) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits the act described in K.S.A. 8-1567 and amendments thereto shall count as one person felony for criminal history purposes."

Manbeck's four prior DUI convictions resulted in raising his criminal history score from "F" to "A" and an increase in his sentence.

Manbeck contends it is error to apply K.S.A. 2002 Supp. 21-4711(c)(2) in a case where the defendant was convicted of driving while under the influence of alcohol *or* drugs. In cases of convictions of involuntary manslaughter when a violation of K.S.A. 8-1567 is involved, the question becomes whether the legislature intended that all prior convictions for driving while under the influence of alcohol *or* drugs should be scored as person felonies in determining the defendant's criminal history score, or should only those convictions for driving while under the influence of alcohol *and* drugs be scored as person felonies.

Interpretation of a statute is a question of law subject to unlimited review. *State v. Engles*, 270 Kan. 530, 532-33, 17 P.3d 355 (2001). The intent of the legislature, where ascertainable, governs the interpretation of a statute. *State ex rel. Stovall v. Meneley*, 271

Kan. 355, 378, 22 P.3d 124 (2001). "When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." 271 Kan. at 378. A court should not speculate about the legislature's intent or read a statute to add something that is not readily found in it. 271 Kan. at 378. Ordinary words must be given their ordinary meaning. *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001). Criminal statutes are to be construed in favor of the accused and any reasonable doubt about the meaning is to be decided in favor of the accused, but this rule is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect the legislative design and intent. *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

No Kansas cases considering this issue have been cited to us and our research has found none. The statutes themselves give little guidance. K.S.A. 8-1567 prohibits both driving while under the influence of alcohol or drugs alone and driving while under the influence of a combination of the two.

The district court found the language of K.S.A. 2002 Supp. 21-4711(c)(2) "leaves something to be desired," but determined the intent of the legislature was to enhance penalties for offenses involving driving while under the influence of either alcohol or drugs. The State advances this argument on appeal upon the assertion that the legislature has attempted to impose harsher penalties on repeat offenders, and the statute is the result of this tougher stance. Our review does not lead us to this conclusion.

We construe K.S.A. 2002 Supp. 21-4711(c)(2) to mean that before prior convictions for violations of K.S.A. 8-1567 shall count as person felonies in determining criminal history for involuntary manslaughter convictions, the defendant must be found to have been driving while under the influence of both alcohol and drugs.

The clear language of the statute indicates the legislature intended to enhance the sentence for impaired driving by repeat offenders, but the plain language of the statute applies the enhanced penalties only to those drivers who are convicted of being under the influence of alcohol *and* drugs. It is quite apparent that

the legislature is aware of the difference resulting from the use of the disjunctive "or" and the conjunctive "and." The language is plain and unambiguous. It is our duty to give effect to the intention of the legislature as expressed. We cannot fashion the language to give effect to what we suspect the intent of the legislature might or ought to have been.

In light of our decision, we need not consider Manbeck's argument that his sentence violated the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

The sentence of the trial court is vacated and the case is remanded for resentencing with a criminal history score of "F."

JOHNSON, J., concurring: I concur with the foregoing result, but I disagree with the statement that "the question becomes whether the legislature intended that all prior convictions for driving while under the influence of alcohol *or* drugs should be scored as person felonies in determining the defendant's criminal history score, or should only those convictions for driving while under the influence of alcohol *and* drugs be scored as person felonies." If K.S.A. 2002 Supp. 21-4711(c)(2) applies, all prior convictions under K.S.A. 8-1567, regardless of the substance or combination of substances consumed, are scored as person felonies.

However, the statute specifically limits its applicability to the post-July 1, 1996, commission of "involuntary manslaughter while driving under the influence of alcohol and drugs." K.S.A. 2002 Supp. 21-4711(c)(2). Therefore, the question presented is whether the legislature intended the enhanced scoring to be limited to those involuntary manslaughter convictions based upon driving "under the influence of a combination of alcohol and any drug or drugs." K.S.A. 8-1567(a)(5).

The State's public policy arguments are seductive. One might perceive the goal of K.S.A. 2002 Supp. 21-4711(c)(2) is to more severely punish a repeat offender whose refusal to refrain from driving under the influence eventually results in a person's death, irrespective of the offender's substance of choice. However, our directive is to refrain from making decisions based upon public

policy in derogation of rules of construction. See *O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, Syl. ¶ 2, 56 P.3d 789 (2002).

In K.S.A. 8-1567, the legislature provided alternative means by which a person can commit or be convicted of driving under the influence (DUI) of alcohol or drugs. An alcohol concentration in a driver's blood or breath of .08 or higher is sufficient, without more. K.S.A. 8-1567(a)(1) and (2). Alternatively, DUI is committed by being incapable of safely driving a vehicle when that condition is caused by alcohol (K.S.A. 8-1567[a][3]), any drug or combination of drugs (K.S.A. 8-1567[a][4]), or a combination of alcohol and any drug or drugs (K.S.A. 8-1567[a][5]).

K.S.A. 2002 Supp. 21-4711(c)(2) specifically applies the enhanced scoring to involuntary manslaughter while driving under the influence of alcohol and drugs, which is a specific alternative under K.S.A. 8-1567(a)(5). If the lawmakers viewed drivers using both drugs and alcohol to be a special class of DUI offenders worthy of enhanced punishment for committing involuntary manslaughter, the use of the conjunctive, "and," in K.S.A. 2002 Supp. 21-4711(c)(2) would accomplish that policy decision. Under that scenario, our intuitive perception that the legislature simply used imprecise language in the enhancement statute would actually circumvent legislative intent. In the long run, our applying statutory law as it is written, rather than as we divine that it was intended to be written, will preserve the integrity of the legislative function.