No. 89,303

STATE OF KANSAS, *Appellee,* v. SCOTT E. MANBECK, *Appellant.*

(83 P.3d 190)

I

Opinion
filed January 30, 2004.

*Shawn E. Minihan*, assistant appellate defender, argued the cause and was on the brief for appellant.

*Nanette L. Kemmerly-Weberly*, county attorney, argued the cause, and *Phill Kline*, attorney general, was with her on the brief for appellee.

*David L. Miller*, of Topeka, was on the brief for *amicus curiae* Kansas County and District Attorneys Association.

The opinion of the court was delivered by

GERNON, J.: This case comes before us on petition for review by the State of Kansas from a Court of Appeals decision which vacated Scott E. Manbeck's sentence for his conviction of involuntary manslaughter while driving under the influence of alcohol or drugs.

Manbeck pled guilty to one count of involuntary manslaughter as a result of driving under the influence of alcohol or drugs. Manbeck had four prior DUI convictions. Pursuant to K.S.A. 2002 Supp. 21-4711(c)(2), the presentence investigation report gave Manbeck a criminal history score which included his four previous DUI convictions as person felonies. The significance of this scoring is that it raised his criminal history score from "F" to "A."

Manbeck objected to his criminal history score, but the sentencing court overruled his objection and sentenced him to 162 months' imprisonment, using a criminal history score of "A."

The Court of Appeals vacated Manbeck's sentence and remanded the matter to the district court for resentencing using a criminal history of "F." *State v. Manbeck*, 31 Kan. App. 2d 618, 621, 69 P.3d 636 (2003). This court granted the State's petition for review.

The State argues that the Court of Appeals erroneously interpreted the provisions of K.S.A. 2002 Supp. 21-4711(c)(2). Resolution of this question involves the interpretation of a statute, over which this court has unlimited review. *State v. Gordon*, 275 Kan. 393, 402, 66 P.3d 903 (2003).

K.S.A. 2002 Supp. 21-4711(c)(2) provides:

"If the current crime of conviction was committed on or after July 1, 1996, and is for involuntary manslaughter while driving under the influence of alcohol *and* drugs, each prior adult conviction, diversion in lieu of criminal prosecution or juvenile adjudication for: (A) An act described in K.S.A. 8-1567 and amendments

thereto; or (B) a violation of a law of another state or an ordinance of any city, or resolution of any county, which prohibits the act described in K.S.A. 8-1567 and amendments thereto shall count as one person felony for criminal history purposes." (Emphasis added.)

The Court of Appeals concluded that the phrase "driving while under the influence of alcohol and drugs" applied to a defendant's prior DUI convictions that were for driving while under the influence of *both* alcohol *and* drugs. *Manbeck*, 31 Kan. App. 2d at 620-21. The Court of Appeals held that only those prior DUI convictions for driving under the influence of both alcohol and drugs could be counted as person felonies for the purposes of sentencing a defendant for involuntary manslaughter. 31 Kan. App. 2d at 620-21.

Judge Johnson of the Court of Appeals wrote a concurring opinion in which he interpreted the phrase "[i]f the current crime of conviction . . . is for involuntary manslaughter while driving under the influence of alcohol and drugs" as a condition precedent to the application of K.S.A. 2002 Supp. 21-4711(c)(2). Under Judge Johnson's reasoning, a defendant must have committed involuntary manslaughter while under the influence of both alcohol and drugs for the sentencing provisions to apply. The convictions subject to Judge Johnson's interpretation are limited to those that violate K.S.A. 2002 Supp. 21-3442, involuntary manslaughter committed while driving under the influence of alcohol or drugs.

The majority opinion applies the same phrase to the prior DUI convictions rather than the manslaughter conviction. If a prior DUI conviction is not for driving while under the influence of both alcohol and drugs, then it cannot be used to modify the criminal history score for involuntary manslaughter. Under the majority interpretation, the provisions of K.S.A. 2002 Supp. 21-4711(c)(2) apply to all involuntary manslaughter convictions, not just those in violation of K.S.A. 2002 Supp. 21-3442.

K.S.A. 2002 Supp. 21-3442 states:

"Involuntary manslaughter while driving under the influence of alcohol or drugs is the unintentional killing of a human being committed in the commission of, or attempt to commit, or flight from an act described in K.S.A. 8-1567 and amendments thereto.

"Involuntary manslaughter while driving under the influence of alcohol or drugs is a severity level 4, person felony."

The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs, if that intent can be determined. *Gordon*, 275 Kan. at 402.

An appellate court may consider various aspects of the statute in attempting to determine the legislative intent. The court must first look at the intent as expressed in the language of the statute. When the language is plain and unambiguous, an appellate court is bound to implement the expressed intent. *Gordon*, 275 Kan. at 402. Ordinary words are to be given their ordinary meanings without adding something that is not readily found in the statute or eliminating that which is readily found therein. *State v. Haug*, 237 Kan. 390, 391-92, 699 P.2d 535 (1985).

Courts, however, are not limited to examining the language of the statute alone but may also consider the causes that impel the statute's adoption, the statute's objective, the historical background, and the effect of the statute under various constructions. *State v. Dickson*, 275 Kan. 683, 689, 69 P.3d 549 (2003).

An appellate court must consider all of the provisions *in pari materia* rather than in isolation, and these provisions must be reconciled, if possible, to make them consistent and harmonious. *Gordon*, 275 Kan. at 402. As a general rule, statutes should be interpreted to avoid unreasonable results. *State v. Allison*, 259 Kan. 25, 34, 910 P.2d 817 (1996).

Generally, criminal statutes are construed in favor of the accused. Any reasonable doubt about their meaning must be resolved in favor of the accused. Nevertheless, this rule of strict construction is subordinate to the rule that judicial interpretation must be sensible and reasonable to effect the legislative design and intent. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

As evidenced by the different interpretations given by the Court of Appeals, the language of K.S.A. 2002 Supp. 21-4711(c)(2) is ambiguous.

Judge Johnson, in his concurring opinion, wrote:

"I concur with the foregoing result, but I disagree with the statement that 'the question becomes whether the legislature intended that all prior convictions for driving while under the influence of alcohol *or* drugs should be scored as person felonies in determining the defendant's criminal history score, or should only those convictions for driving while under the influence of alcohol *and* drugs be scored as person felonies.' If K.S.A. 2002 Supp. 21-4711(c)(2) applies, all prior convictions under K.S.A. 8-1567, regardless of the substance or combination of substances consumed, are scored as person felonies.

"However, the statute specifically limits its applicability to the post-July 1, 1996, commission of 'involuntary manslaughter while driving under the influence of alcohol and drugs.' K.S.A. 2002 Supp. 21-4711(c)(2). Therefore, the question presented is whether the legislature intended the enhanced scoring to be limited to those involuntary manslaughter convictions based upon driving 'under the influence of a combination of alcohol and any drug or drugs.' K.S.A. 8-1567(a)(5).

"The State's public policy arguments are seductive. One might perceive the goal of K.S.A. 2002 Supp. 21-4711(c)(2) is to more severely punish a repeat offender whose refusal to refrain from driving under the influence eventually results in a person's death, irrespective of the offender's substance of choice. However, our directive is to refrain from making decisions based upon public policy in derogation of rules of construction. See *O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, Syl. ¶ 2, 56 P.3d 789 (2002).

"In K.S.A. 8-1567, the legislature provided alternative means by which a person can commit or be convicted of driving under the influence (DUI) of alcohol or drugs. An alcohol concentration in a driver's blood or breath of .08 or higher is sufficient, without more. K.S.A. 8-1567(a)(1) and (2). Alternatively, DUI is committed by being incapable of safely driving a vehicle when that condition is caused by alcohol (K.S.A. 8-1567[a][3]), any drug or combination of drugs (K.S.A. 8-1567[a][4]), or a combination of alcohol and any drug or drugs (K.S.A. 8-1567[a][5]).

"K.S.A. 2002 Supp. 21-4711(c)(2) specifically applies the enhanced scoring to involuntary manslaughter while driving under the influence of alcohol and drugs, which is a specific alternative under K.S.A. 8-1567(a)(5). If the lawmakers viewed drivers using both drugs and alcohol to be a special class of DUI offenders worthy of enhanced punishment for committing involuntary manslaughter, the use of the conjunctive 'and' in K.S.A. 2002 Supp. 21-4711(c)(2) would accomplish that policy decision. Under that scenario, our intuitive perception that the legislature simply used imprecise language in the enhancement statute would actually circumvent legislative intent. In the long run, our applying statutory law as it is written, rather than as we divine that it was intended to be written, will preserve the integrity of the legislative function." 31 Kan. App. 2d at 621-22.

There is some legislative history, including the testimony of Representative Greg Packer, which supports a different version of the legislation and would have adopted language using the disjunctive

"or" rather than the conjunctive "and." Whether an act of commission or omission, the use of the conjunctive "and" cannot be ignored in our view. We assume the legislature meant what it passed. If it did not, it is the legislature's prerogative to change the statute.

We agree with Judge Johnson's interpretation of K.S.A. 2002 Supp. 21-4711(c)(2). Driving under the influence of alcohol *and* drugs is a specific alternative of K.S.A. 8-1567. Reading the plain language of K.S.A. 2002 Supp. 21-4711(c)(2) in conjunction with the specific language of K.S.A. 8-1567 requires us to agree with the result the Court of Appeals arrived at, but we adopt the reasoning of the concurring opinion of Judge Johnson.

Manbeck also argues that the sentencing enhancement provisions of K.S.A. 2002 Supp. 21-4711(c)(2) violate *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The Court of Appeals did not address this issue in its opinion, and the State did not raise the issue in its petition for review. However, Manbeck raised the issue both before the trial court and the Court of Appeals. In the interest of judicial economy, we will address this issue.

Manbeck asks this court to reverse its decision in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), which held that the *Apprendi* rule specifically excludes prior convictions. Manbeck argues that the *Apprendi* court impliedly overturned *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998), which established the exception for prior convictions. This court addressed that very argument in *Ivory*, finding that there was no authority for extending the holding of *Apprendi* to prior convictions. 273 Kan. at 47. Manbeck fails to cite any new authority in support of his proposition that *Ivory* should be overturned, and we decline to do so.

In *State v. Washington*, 275 Kan. 644, 680, 68 P.3d 134 (2003), this court addressed a similar issue. The defendant in *Washington* claimed that his hard 50 sentence violated *Apprendi*, arguing that this court's decision in *State v. Conley*, 270 Kan. 18, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001), was in error. Without any authority to the contrary, this court refused to overrule its prior

decision in *Conley* and rejected the defendant's argument. 275 Kan. at 680. The reasoning in *Washington* applies in this case. Manbeck's claim that K.S.A. 2002 Supp. 21-4711(c)(2) violates *Apprendi* is without merit.

The Court of Appeals' decision is affirmed. The district court is affirmed in part, Manbeck's sentence is vacated, and the case is remanded for resentencing using a criminal history score of "F" consistent with this opinion.

BEIER, J., not participating.
LARSON, S.J., assigned.