The Honorable BARBARA P. ALLEN State Senator, 8th District 9851 Ash Drive Overland Park, Kansas 66207
Dear Senator Allen:
You ask for our opinion on 2007 House Bill No. 2543 (HB 2543) and whether we believe its terms are constitutional. Specifically, you ask us to consider whether it fails the four part test articulated by the Kansas Supreme Court in State ex rel. Tomasic v. City of KansasCity[1] or whether the provisions of the bill violate the uniform and equal provisions in the Kansas Constitution, Article 11, § 1.
HB 2543 essentially provides that new residential property built and owned by a home builder would be valued as vacant land on January 1 of each year, irrespective of any improvements (a new residence) that may be present on the land as of that date. Additionally, the bill would require a prorated tax to be assessed on the property to the purchaser and new homeowner based upon the market value of the property for the month first following purchase and occupancy. It thus appears that the bill creates an exemption from taxation for improvements to the property (a new residence) that would otherwise occur, dating from January 1 to the first day of the month after occupancy, for a period not to exceed twenty-four months should the new residence not be occupied for an extended time frame.
The right to equal treatment in matters of taxation is protected under both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the uniform and equal rate of assessment and taxation provision found in Article 11, § 1 of the Kansas Constitution.[2] However, while the Kansas Constitution provides that certain property shall be exempt from taxation, it does not declare that other exemptions may not be made if like property is still taxed at a uniform and equal rate. Thus, although the constitutionally enumerated exemptions must be given, more exemptions can be adopted by the legislature as long as the constitutional requirement of equal treatment of the same types of property is followed.[3]
The Tomasic case creates a four-prong test used in determining if a tax exemption is constitutional: (1) Whether the exemption furthers the public welfare; (2) whether the exemption provides for substantial peculiar benefit; (3) whether the exemption provides for large accumulations of tax-exempt property; and (4) whether the exemption is an improper or preferential classification of property.[4]
Courts give great deference to legislative decisions concerning the first three prongs of the test stated in the Tomasic case.[5] Thus, we will not address these three issues, leaving them for the legislature to determine. However, the fourth prong of this test establishes a legal standard and requires examination of whether the proposed tax exemption complies with the "uniform and equal valuation" rule set forth in the Kansas Constitution, Art. 11, § 1.
As stated in State ex rel. Stephan v. Martin[6] the Kansas Constitution provides for a "uniform and equal basis of valuation" and requires that all taxable property be valued and taxed at its "fair market value." K.S.A. 79-503a defines "fair market value" and together with K.S.A. 79-1455 requires that all taxable property be appraised at its fair market value as of January 1.[7]
Under HB 2543, a new home would be valued and taxed at something other than its fair market value as of the January 1 date. Instead of using "fair market value," the rate of taxation would depend upon its status as new residential property that is still owned by the home builder. Thus, a distinction is to be made between the property's builder and/or its eventual occupant. Improvements to the land that are otherwise identical would be valued differently as of January 1, depending upon whether the property is owned by the home builder or a purchaser.
In Stephen v. Parrish,[8] the Kansas Supreme Court reviewed the constitutionality of K.S.A. 79-1427c. This statute created a difference in the tax rates charged to property owners who listed their property and those who did not. Those individuals who had not listed their property would have been granted a tax amnesty under this statute. The Court found that this statutory attempt to treat owners of the same types of property differently, based solely upon the status or conduct of the owners, violated Art. 11, § 1 of the Kansas Constitution.[9]
Generally, a taxation distinction based upon who owns property has not been allowed by Kansas courts.[10] Property of the same type is required to be valued using the same method and not be based upon who owns the property.[11] However, different types of uses of real property may lawfully be taxed at different rates if the Kansas Constitution so provides.[12]
One might argue that the distinctions in HB 2543 are not based upon ownership but rather upon differences in use; a vacancy implying non-use. However, the distinctions created in HB 2543 also clearly establish a different tax rate to be based upon the type of individual owning the exact same property, a home builder versus a home buyer.
Article 11, § 1 of the Kansas Constitution creates seven specific types of real property that are to be taxed at different rates.[13]
The seven separate types of real property listed therein distinguish between vacant lots and real property used for residential purposes. Unlike the agricultural use distinction made in Article 11, § 12, the Kansas Constitution does not create a special category or tax rate for residential properties that are occupied versus unoccupied.
 "Constitutional and statutory provisions exempting property from taxation are to be strictly construed against the one claiming exemption, and all doubts are to be resolved against the exemption."
 [14] It is difficult for us to understand how the nature of the owner — a builder versus a purchaser — is not the critical component of the proposed new law. Thus, unless the language in the bill is changed so that the property itself is somehow classified as an entirely different type of constitutionally distinguished property,[15] it is our opinion that the bill as currently drafted creates an unconstitutional classification based primarily upon the status of the owner.
Sincerely,
Paul J. Morrison Attorney General
Theresa Marcel Bush Assistant Attorney General
[1] 237 Kan. 572, 579 (1985).
[2] In re the Matter of Application of Central Illinois PublicServices, 276 Kan. 612, Syl. 3 (2003).
[3] In re Lietz Construction for Exemption from Ad Valorem Taxation inWabaunsee County, Kansas, 273 Kan. 890 (2002).
[4] Supra at 579.
[5] Lario Enterprises, Inc. v. Board of Tax Appeals,22 Kan.App.2d 856, 860 rev. denied 261 Kan. 1083 (1996) ("[t]he Legislature is the judge of what exemptions are in the public interest and will be conducive to public welfare.")
[6] 227 Kan. 456 (1980).
[7] See K.S.A. 2006 Supp. 79-1439.
[8] 257 Kan. 294, 302-322 (1995).
[9] See also Attorney General Opinion No. 94-79.
[10] See Hixon v. Lario Enterprises, 257 Kan. 377, Syl. 3 (1995); andTopeka Cemetery Association v. Schnellbacher, 218 Kan. 39, 42-43
(1975).
[11] Kroeger v. Board of Woodson County Commissioners,31 Kan.App.2d, 618 aff'd 277 Kan. 486 (2004). Each parcel in a given tract must be valued using the same method of valuation and the method of valuation should be tied to factors associated with each parcel of property, not the status of the owner of the property.
[12] See Board of Douglas County Commissioners v. Cashatt,23 Kan.App.2d 532 (1997) (in Kansas, agricultural property is the only classification of property that is given a property tax value based on the "use value." Kan. Const., Art. 11, § 12).
[13] It also recognizes six types of tangible personal property.
[14] League of Kansas Municipalities v. Board of County Commissionersof Shawnee County, 24 Kan.App.2d 294 (1997).
[15] For example, inventory; K.S.A. 79-201m currently defines "inventory" as "tangible personal property" and thus statutory amendment would be required in order to reclassify an unoccupied residence as "inventory" of a home builder. Such a change would also impact how long the different rate of taxation would be in effect, because current tax laws (including the Kansas Constitution) provide for different tax rates for all "inventory" not just that which has remained unoccupied for two years or less. See Kansas Enterprises Inc. v. Frantz, 269 Kan. 436
(2000) (in order to qualify for the merchants' inventory exemption under K.S.A. 79-201m, a taxpayer must establish that it is a "merchant" and that its personal property qualifies as "inventory" under the provisions of that statute).