Stephen L. Martino, Executive Director Kansas Racing and Gaming Commission 700 SW Harrison, Suite 420 Topeka, Kansas 66603
Dear Mr. Martino:
You inquire whether the Kansas Expanded Lottery Act (KELA) prohibits phasing-in the minimum amount of investment in infrastructure for a proposed lottery gaming enterprise over a period of time.
In this regard, the Kansas Expanded Lottery Act (KELA) provides, in part:
 "The [Lottery] commission shall not approve a management contract unless:
 . . . .
 "[T]he commission determines that the proposed development consists of an investment in infrastructure, including ancillary lottery gaming facility operations, [1] of at least $225,000,000 in the northeast, southeast, and south central Kansas gaming zones and $50,000,000 in the southwest Kansas gaming zone."[2]
Our understanding is that the Lottery Commission has executed a contract with Kansas Penn Gaming L.L.C. (Penn) for the southeast gaming zone. You advise that the contract provides that Penn will expend $125,000,000 in Phase 1 and will expend the remaining $100,000,000 periodically over a twelve-year period.[3] You also indicate that Penn's failure to meet the phased-in infrastructure investment schedule constitutes an "event of default."[4]
 In interpreting the KELA provision at issue, we are mindful that thefirst rule of statutory construction is to determine the intent of thelegislature as expressed in the language of the statute.[5] When thelanguage is plain and unambiguous, we are bound to implement theexpressed intent:[6]
 "Ordinary words are to be given their ordinary meanings without adding something that is not readily found in the statute or eliminating that which is readily found therein."[7]
The KELA does not require that the minimum investment in infrastructurebe expended all at once. Were we to interpret this provision asrequiring such, we would be imposing a requirement that is not found inthe KELA. Rather, the plain language requires only that the LotteryCommission determine that the proposed development consists of a minimuminvestment in infrastructure of $225,000,000 for the gaming zone atissue here.
 Our understanding is that the Lottery Commission has made thisdetermination by virtue of its execution of the contract.
 This is all the KELA requires.
 Sincerely,
 Stephen N. Six Attorney General
 Mary Feighny Deputy Attorney General
 SNS:MF:jm
[1] E.g. Restaurants, hotels, motels, museums and entertainmentfacilities. K.S.A. 2007 Supp. 74-8702(a).
[2] K.S.A. 2007 Supp. 74-8734(g)(2). Emphasis added.
[3] Martino Letter dated June 9, 2008; Lottery Gaming Facility Management Contract, § 13; Exhibit D.
[4] Martino Letter dated June 9, 2008.
[5] State v. Manbeck, 277 Kan. 224, 227 (2004).
[6] Id.
[7] Id. citing State v. Haug, 237 Kan. 390, 391-92 (1985). Emphasisadded.