NOT DESIGNATED FOR PUBLICATION

No. 115,787

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY J. CLARK, DAVID W. THAYER,
DUSTIN J. MERRYFIELD, and RICHARD A. QUILLEN,
*Appellants*,

v.

TIM KECK, Interim Secretary of the Kansas Department
on Aging and Disability Services,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed October 7, 2016. Affirmed.

*Anthony J. Clark*, *David W. Thayer*, and *Dustin J. Merryfield*, appellants pro se.

*Kimberly M.J. Lynch*, senior litigation counsel, of the Kansas Department on Aging and Disability Services, for appellee.

Before BRUNS, P.J., POWELL, J., and STUTZMAN, S.J.

*Per Curiam*: Anthony J. Clark, David W. Thayer, and Dustin J. Merryfield (Petitioners) appeal from the district court's summary dismissal of their petition for writ of habeas corpus filed under K.S.A. 60-1501. Because the Petitioners have not shown that any action taken by the Kansas Department on Aging and Disability Services (KDADS) constituted shocking and intolerable conduct or continuing mistreatment of a constitutional stature, and any person convicted of an offense described in K.S.A. 2015 Supp. 22-4906(d) is now required to register for his or her lifetime regardless of when the

1

crime occurred, we find that the district court did not err in summarily dismissing the K.S.A. 60-1501 petition. Thus, we affirm.

FACTS

The Petitioners are residents of the Sexual Predator Treatment Program (SPTP) housed at Larned State Hospital (LSH) in Pawnee County. On June 30, 2015, they filed a K.S.A. 60-1501 petition against the Secretary of KDADS, alleging that their rights under the Fourteenth Amendment to the United States Constitution had been violated. According to the Petitioners, they submitted a request to the KDADS staff on May 28, 2015, for permission to be allowed to go to the Department of Motor Vehicles to get identification cards. The Petitioners assert that no one from KDADS ever answered this request.

The Petitioners further alleged that by denying them the ability to have identification cards, KDADS is restricting their ability to spend their money and manage their financial accounts. Specifically, the Petitioners asked the district court (1) to issue a declaration stating that KDADS violated their constitutional right to liberty and failed to provide them with due process; (2) to order a trial or require LSH to provide them with due process; (3) to issue an order requiring that KDADS institute an administrative procedure to ensure that their rights will not be abused in the future; and (4) to award them court costs.

On September 1, 2015, the district court issued a writ of habeas corpus and ordered KDADS to file an answer to the K.S.A. 60-1501 petition. In response, KDADS filed an answer and motion for summary dismissal on November 30, 2015. While KDADS agreed that the Petitioners should be allowed to obtain Kansas identification cards, it was alleged that KDADS lacked the authority to issue Kansas identification cards and, as such, a habeas corpus action against the Secretary was inappropriate.

2

KDADS argued that the Petitioners were not entitled to relief under K.S.A. 60-1501 because it had not committed any action that was shocking or intolerable or that constituted a continuing mistreatment of a constitutional nature.

Continuing, KDADS explained that the Pawnee County Sheriff's Department had specified in writing that it was denying LSH's request to register all of the more than 250 offenders in the SPTP under the Kansas Offender Registration Act, which was a prerequisite before a sex offender could obtain a valid Kansas identification card. KDADS stated that it had requested an opinion from the Kansas Attorney General's Office regarding whether the Kansas Offender Registration Act requires the Pawnee County Sheriff to register all civilly committed sexually violent predators receiving treatment at LSH. According to KDADS, the Pawnee County Attorney had submitted a letter to the attorney general in response in which he suggested that K.S.A. 2015 Supp. 22-4904 did not require the county to take any action regarding patients held in custody at LSH in the SPTP. As of the date on which KDADS filed its response to the Petitioners' K.S.A. 60-1501 petition, the attorney general had not yet rendered an opinion on this issue.

On December 11, 2015, the Petitioners filed a response to KDADS's motion to dismiss, which contained a new argument that only applied Merryfield. As to Merryfield, the Petitioners argued that he did not have to register under the Kansas Offender Registration Act because K.S.A. 2015 Supp. 22-4902 defined a sexually violent predator as "any person who, *on or after July 1, 2001*, is found to be a sexually violent predator pursuant to K.S.A. 59-29a01 *et seq.*, and amendments thereto." (Emphasis added.) Because Merryfield was committed prior to July 1, 2001, he claimed he should be allowed to obtain an identification card despite the registration requirement.

On January 21, 2016, the Attorney General issued Att'y Gen. Op. No. 2016-1, in which it concluded that "those [sexually violent predators] residing at LSH have a duty to

3

register in Pawnee County." Att'y Gen. Op. No. 2016-1, at 7. The Attorney General also opined that the Pawnee County Sheriff "has a duty to receive and process those registrations, at least when [a sexually violent predator] 'reports' to the sheriff." Att'y Gen. Op. No. 2016-1, at 7.

On April 22, 2016, the district court issued a memorandum decision and order summarily dismissing the K.S.A. 60-1501 petition. The district court found that KDADS lacked the authority to administer and maintain the records necessary for an offender to obtain a Kansas identification card and that it did not have statutory authority to issue a Kansas identification card. Moreover, the district court found that Merryfield's claim that he was not required to register under the Kansas Offender Registration Act—and therefore should automatically be issued a Kansas identification card—failed because this court had determined in *State v. Evans*, 44 Kan. App. 2d 945, 242 P.3d 220 (2010), that the requirements of the Kansas Offender Registration Act applied retroactively.

The district court also noted the Attorney General's conclusion that there were no statutory exceptions to relieve residents of the SPTP program from the duty to register under the Kansas Offender Registration Act. Furthermore, the district court found that KDADS had no control over decisions made by the Pawnee County Sheriff and that it had no obligation to file a lawsuit against the Sheriff. In addition, the district court concluded there was no statutory authority for the Petitioners' claim that KDADS was obligated under K.S.A. 2015 Supp. 22-4904(c) to assure registration.

Finally, the district court determined that the Petitioners' statutory claims failed to state a claim of shocking and intolerable conduct or of continuing mistreatment of a constitutional nature. The district court acknowledged that KDADS has the statutory duty under K.S.A. 2015 Supp. 59-29a22(d) to establish administrative procedures to ensure protection of patients' rights but found that "KDADS can only be expected to protect the rights of patients that are within its control." Because the requirements for issuing a

4

Kansas identification card are "totally outside the control and authority of KDADS," the district court found that the Petitioners "failed to demonstrate how any action taken by KDADS constitutes shocking or intolerable conduct, or continuing mistreatment of a constitutional stature." Thus, the district court determined that summary dismissal of the petition was appropriate.

## ANALYSIS

On appeal, the Petitioners contend that the district court erred in summarily dismissing their K.S.A. 60-1501 petition. To state a claim for relief under K.S.A. 60-1501, a habeas corpus petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

Our review of a summary dismissal of a habeas corpus petition is unlimited. *Johnson*, 289 Kan. at 649. Summary dismissal is proper if it can be determined from the face of the petition that a petitioner is not entitled to relief, or if the uncontroverted facts show that no cause exists as a matter of law for granting a writ. 289 Kan. at 648-49. See also K.S.A. 2015 Supp. 60-1503(a).

In their brief, the Petitioners argue

"that K.S.A. 59-29a22(d) mandate[s] the Secretary [to] take action against any party, person, or entity that is blocking or denying one of the rights under K.S.A. 59-29a22. If the Secretary does not then the provisions of K.S.A. 59-29a22(d) are meaningless and useless and the provisions of K.S.A. 59-29a22 are unenforceable and mean nothing.

"The Secretary had and continues to have a duty to take all necessary legal steps inclusive of filing a suit against any entity, person, or party that prevents the Secretary

5

from carrying out his statutory duties, or he/she is negligent and failing to follow his/her statutory duties."

The Petitioners argue that they did not know until after they filed their K.S.A. 60-1501 petition that it was the actions of the Sheriff of Pawnee County and/or of the Department of Motor Vehicles that denied them their constitutional rights. They claim that "there should be no error on their part for not naming these individuals" and suggest that the district court had a duty to reissue the writ to the Sheriff of Pawnee County and the Department of Motor Vehicles. We disagree.

A court can only direct a writ of habeas corpus "to the party having the person under restraint . . . ." K.S.A. 2015 Supp. 60-1503(b). Neither Pawnee County nor the Department of Motor Vehicles is restraining the Petitioners. Thus, the Petitioners cannot obtain relief under K.S.A. 60-1501 for the actions of the Pawnee County Sheriff's Department or the Department of Motor Vehicles.

Moreover, the Petitioners have not shown that any action taken by KDADS constituted shocking and intolerable conduct or continuing mistreatment of a constitutional stature. In fact, KDADS sought an opinion from the Attorney General and, within a short period of time, the legislature amended the Kansas Offender Registration Act to specifically address how residents of the SPTP are to be registered. See 2016, ch. 64, § 3. Accordingly, it appears that KDADS—as did the Attorney General, the Kansas Legislature, and the Pawnee County Sheriff—took the issue seriously and worked to find a solution.

The current version of K.S.A. 22-4905(e), which became effective July 1, 2016, states that an offender committed under the Kansas Sexually Violent Predator Act shall:

6

"register within three business days of arrival in the county where the offender resides during commitment. The offender shall not be required to update such registration until placed in a reintegration facility, on transitional release or on conditional release. Upon placement in a reintegration facility, on transitional release or on conditional release, the offender shall be personally responsible for complying with the provisions of the Kansas offender registration act." 2016, ch. 64, § 3.

We also reject Merryfield's argument that he is not subject to the lifetime registration requirement. In *Evans*, 44 Kan. App. 2d at 945, this court determined that the Kansas Offender Registration Act's registration requirement does not constitute punishment. As such, amendments to it should be applied retroactively. 44 Kan. App. 2d at 948. As a result of the 2016 amendment, any person convicted of an offense described in K.S.A. 2015 Supp. 22-4906(d) is now required to register for that person's lifetime regardless of whether the crime occurred before or after the legislature amended the Kansas Offender Registration Act.

We, therefore, conclude that the district court appropriately dismissed the K.S.A. 60-1501 petition without holding an evidentiary hearing.

Affirmed.