No. 99,508

STATE OF KANSAS, *Appellant*, v. MARY ARNETT, *Appellee*.

(223 P.3d 780)

 Opinion filed January 22, 2010.

*Amanda G. Voth*, assistant district attorney, argued the cause, and *Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, were on the brief for appellant.

*Janine Cox*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

DAVIS, C.J.: Mary Arnett was convicted of three counts for forgery in case No. 07 CR 404 on August 7, 2007. Earlier that same day, Arnett was convicted of three other forgery counts in a different case, case No. 07 CR 319. The instant case is Arnett's appeal from her sentence in case No. 07 CR 404. Relying on two of the three prior forgery convictions in case No. 07 CR 319, the district court sentenced her for a third forgery conviction under the progressive sentencing scheme set forth in K.S.A. 21-3710(b)(4), which requires 45 days' imprisonment as a condition of probation and a fine that is the lesser of the amount of the forged instrument or $2,500. The defendant successfully objected to a criminal history being category E (three or more nonperson felonies). The court modified her criminal history to category F (two nonperson felonies) based upon the provisions of K.S.A. 21-4710(d)(11), stating that "[p]rior convictions of any crime shall not be counted . . . if they enhance the . . . applicable penalties." The Court of Appeals vacated her sentence and remanded the case for imposition of sentence with a criminal history of E. We granted defendant's petition for review, reverse the decision of the Court of Appeals, and affirm the judgment of the district court.

FACTS

Upon complaint filed in Reno County in case No. 07 CR 404, Arnett was charged with three counts of forgery under the provisions of K.S.A. 21-3710(a)(1). Pursuant to a plea agreement, defendant entered a plea of no contest to Counts 1, 2, and 3. There is no mention in the charging document of K.S.A. 21-3710(b), which sets forth the progressive sentencing scheme for a first for-

gery conviction, a second forgery conviction, and a third or subsequent forgery conviction. The record establishes that defendant did not object to the charges in the complaint. Nor has the defendant raised any concern with the charging document, and we therefore do not address any issue dealing with the complaint filed.

It is apparent from the record that the State, the defendant, and the district court treated each of the three counts in the complaint as a third forgery conviction, requiring the defendant "to serve at least 45 days' imprisonment as a condition of probation, and a fine the lesser of the amount of the forged instrument or $2,500." K.S.A. 21-3710(b)(4). The presentence investigation report reflects this fact, as does the journal entry of sentence for the three counts of forgery. In addition, the transcript of the sentencing hearing specifically shows that each count was considered a third forgery conviction. The sentence for each count was imposed to run concurrently.

The defendant was convicted earlier the same day in case No. 07 CR 319 of three other counts of forgery. Based upon these and other convictions, the presentence investigation report in case No. 07 CR 404 identified her criminal history as category E. She objected, arguing that her prior forgery convictions could not be used both to enhance her applicable penalty under the progressive sentencing scheme in K.S.A. 21-3710(b) *and* to increase her criminal history score. See K.S.A. 21-4710(d)(11).

The district court agreed and modified her criminal history from category E (three or more nonperson felonies) to category F (two nonperson felonies—one of the prior forgery convictions in case No. 07 CR 319 and the nonperson felony of attempted theft in Saline County in 2006 in case No. 06 CR 1423). The trial court rejected the State's argument that the mandatory 45 days in jail as a condition of probation did not enhance the penalty under Count 1 and also rejected the argument that her three forgery convictions in the instant case could serve as a justification for treating them as third or subsequent convictions.

On the State's appeal, the Court of Appeals determined that Arnett's three forgery convictions in the instant case were sufficient to warrant the district court sentencing her as a person with a third

forgery conviction, thereby making all three of her prior forgery convictions in case No. 07 CR 319 available for use in computing her criminal history:

"Here, a third conviction existed at the time Arnett was sentenced in No. 07CR404 simply due to the three counts of forgery contained therein, to which Arnett pled guilty. The district court, by virtue of the three convictions, was required to sentence Arnett to the 45-day imprisonment term as a condition of her probation. Arnett's criminal history at the time of sentencing on No. 07CR404 should have included the three prior forgeries stemming from No. 07CR319 because none of those convictions were used to impose the mandatory jail term in 07CR404." *Arnett*, slip op. at 5.

Thus, the Court of Appeals vacated her sentence and remanded with directions that defendant be resentenced with a criminal history of E (three or more nonperson felonies). *Arnett*, slip op. at 5. Because the Court of Appeals reversed on this issue, it found it unnecessary to consider the State's argument that the 45-day term of imprisonment as a condition of Arnett's probation did not constitute an enhancement of the penalty under K.S.A. 21-4710(d)(11). *Arnett*, slip op. at 5.

We granted Arnett's petition for review wherein she claims that the trial court properly determined her criminal history was F. Her claim incorporates three questions:

(1) Did Arnett's three current forgery convictions in case No. 07 CR 404 provide a basis for treating her forgery conviction in Count 1 of that case as a third conviction;

(2) did the use of a conviction for both the purposes of the progressive sentencing scheme under K.S.A. 21-3710(b) and the calculation of a defendant's criminal history violate K.S.A. 21-4710(d)(11); and

(3) did the trial court err in setting defendant's criminal history as category F?

Arnett's case was heard concurrently with *State v. Gilley*, 290 Kan. 31, 223 P.3d 774 (2010), because both cases raise the same questions for our review.

(1) DID DEFENDANT'S THREE CURRENT FORGERY CONVICTIONS IN CASE NO. 07 CR 404 PROVIDE A BASIS FOR TREATING HER

FORGERY CONVICTION IN COUNT 1 OF THAT CASE AS A THIRD CONVICTION?

The defendant was charged with three counts of forgery under K.S.A. 21-3710(a). There was no indication in the complaint whether the three counts were charged as third offenses under the progressive sentencing scheme set forth in K.S.A. 21-3710(b)(4). However, it is clear from the record as a whole that all three of the charges were treated as third convictions upon defendant's plea to all charges in the complaint.

It is also clear from the record that when the defendant entered her plea to Count 1 of the complaint, the two remaining counts were criminal charges, not criminal forgery convictions. Thus, the remaining two charges could not serve as a basis for making defendant's plea to Count 1 a third conviction under K.S.A. 21-3710(b)(4). We conclude that defendant's three forgery convictions in the present complaint under the facts of this case could not serve as a basis for her plea to Count 1 being a third conviction under K.SA. 21-3710(b)(4).

(2) DID THE USE OF A CONVICTION FOR BOTH THE PURPOSES OF THE PROGRESSIVE SENTENCING SCHEME UNDER K.S.A. 21-3710(b) AND THE CALCULATION OF A DEFENDANT'S CRIMINAL HISTORY VIOLATE K.S.A. 21-4710(d)(11)?

Based upon our resolution above, there existed only the three prior forgery convictions of the defendant in case No. 07 CR 319 that the court could use to sentence her for a third conviction under Count 1 in case No. 07 CR 404 for a third forgery conviction under the provisions of K.S.A. 21-3710(b)(4). The record clearly establishes that the trial court did utilize two of those three prior forgery convictions for the purpose of establishing that defendant's plea to Count 1 resulted in a third conviction under K.S.A. 21-3710(b)(4). The question then arises whether those two prior forgery convictions enhance the penalty for the defendant's conviction of Count 1 under K.S.A. 21-4710(d)(11) and therefore could not be included in defendant's criminal history.

This case calls on us to interpret two statutes: K.S.A. 21-3710(b) and K.S.A. 21-4710(d)(11). K.S.A. 21-3710 defines the crime of

forgery under Kansas law. K.S.A. 21-3710(b)(1) states that "[f]orgery *is a severity level 8, nonperson felony.*" K.S.A. 21-3710(b)(2) through (b)(5) define a progressive sentencing scheme based on the number of forgery convictions that a particular person may have incurred. Those sections provide:

"(2) On a first conviction of a violation of this section, in addition to any other sentence imposed, a person shall be fined the lesser of the amount of the forged instrument or $500.

"(3) On a second conviction of a violation of this section, a person shall be required to serve at least 30 days' imprisonment as a condition of probation, and fined the lesser of the amount of the forged instrument or $1,000.

"(4) On a third or subsequent conviction of a violation of this section, a person shall be required to serve at least 45 days' imprisonment as a condition of probation, and fined the lesser of the amount of the forged instrument or $2,500.

"(5) The person convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the person has served the mandatory sentence as provided herein." K.S.A. 21-3710(b)(2)-(5).

Arnett was sentenced under K.S.A. 21-3710(b)(4), which requires as a condition of probation a minimum of 45 days in prison and a fine in the lesser amount of either the forged instrument or $2,500.

K.S.A. 21-4710, which defines a defendant's criminal history for purposes of the Kansas sentencing grid, provides in relevant part:

"Prior convictions of any crime shall not be counted in determining the criminal history category *if they enhance the severity level or applicable penalties* . . . . Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.) K.S.A. 21-4710(d)(11).

K.S.A. 21-4710(a) defines "prior convictions" as

"any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

See *State v. Ruiz-Reyes*, 285 Kan. 650, 655-56, 175 P.3d 849 (2008) (discussing this provision and noting that it explicitly states that previous convictions finalized after a crime is committed but before

sentencing for that crime may be used to determine criminal history).

It is clear from these provisions that in both of the cases now subject to review, the three forgery convictions obtained in each of those cases cannot be used to calculate criminal history since they all constitute other "count[s] in the current case . . . brought in the same information or complaint." K.S.A. 21-4710(a). Likewise, K.S.A. 21-3710(b)(1) states that no matter how many forgeries a person commits, the crime of forgery is always a severity level 8 nonperson felony. Thus, the question before us today is whether the progressive sentencing scheme in K.S.A. 21-3710(b) enhances the "applicable penalties" for the underlying forgery offense. K.S.A. 21-4710(d)(11).

*Standard of Review*

The question before us turns on our interpretation of statutes—a question of law over which an appellate court exercises unlimited review. *State v. Walker*, 280 Kan. 513, 515, 124 P.3d 39 (2005). When courts are called upon to interpret statutes, the fundamental rule governing that interpretation is that "the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted." *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001). For this reason, when the language of a statute is plain and unambiguous, courts "need not resort to statutory construction." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007), *cert. denied* 555 U.S. 937 (2008). Instead, "an appellate court is bound to implement the [legislature's] expressed intent." *State v. Manbeck*, 277 Kan. 224, Syl. ¶ 3, 83 P.3d 190 (2004). Only where "the face of the statute leaves its construction uncertain, [may] the court . . . look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citation omitted.]" *Robinett v. The Haskell Co.*, 270 Kan. 95, 100-01, 12 P.3d 411 (2000).

*Analysis*

According to Arnett, the plain language of K.S.A. 21-4710(d)(11) requires this court to interpret the 45-day period of imprisonment required in the case of a third or subsequent felony by K.S.A. 21-3710(b)(4) as an enhancement of the applicable penalties for the forgery offense because it raises the minimum penalties that shall be given from no period of imprisonment to a 45-day prison term.

The State argues that the same conviction may be used to define a sentence under K.S.A. 21-3710(b) and to calculate a defendant's criminal history score because the progressive sentences in K.S.A. 21-3710(b)(2)-(4) do not enhance applicable penalties. In particular, the State argues that the 45-day period of imprisonment in K.S.A. 21-3710(b)(4) falls well within the range of probation conditions defined in K.S.A. 21-4602(c) and thus cannot enhance applicable penalties.

K.S.A. 21-3710(b)(4) states that defendants convicted of a third or subsequent forgery violation "shall be required to serve at least 45 days' imprisonment as a condition of probation" and "fined the lesser of the amount of the forged instrument or $2,500." K.S.A. 21-4602(c) explains that "[i]n felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of an original probation sentence." The State argues that because K.S.A. 21-4602(c) gives district courts discretion to include up to 60 days in jail as a condition of probation in any felony case and because forgery (as a severity level 8 nonperson felony) always involves presumptive probation, it cannot be said that K.S.A. 21-3710(b)(4)—which makes mandatory 45 days' imprisonment as a condition of probation— enhances the applicable penalties for the crime of forgery.

We disagree. While a district court has discretion to require up to 60 days in jail as a condition of a defendant's probation, K.S.A. 21-3710(b)(4) mandates 45 days' imprisonment when a defendant is convicted of a third or subsequent forgery offense. By elevating the mandatory minimum sentence given in such cases, the legislature has enhanced the applicable penalties for the underlying forgery conviction. See *State v. Luttig*, 40 Kan. App. 2d 1095, 1098-

99, 199 P.3d 793 (2009); *cf. United States v. Booker*, 543 U.S. 220, 267, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005) (Breyer, J., writing for majority in a bifurcated opinion) (mandatory minimum sentences based on criminal history with no provision for durational departure elevate sentences beyond that authorized by a jury verdict).

We hold that when a defendant's prior forgery convictions are used to increase the mandatory minimum sentence for the crime of conviction in the progressive sentencing scheme in K.S.A. 21-3710(b)(4), enhancing the applicable penalty for the primary forgery offense, the plain language of K.S.A. 21-4710(d)(11) precludes those other prior convictions from being used to calculate the defendant's criminal history score in the same case.

(3) DID THE TRIAL COURT ERR IN SETTING DEFENDANT'S CRIMINAL HISTORY AS CATEGORY F?

In the case before us, Arnett was convicted of three counts of forgery based on the same complaint or information, and she was also convicted of three additional counts of forgery in case No. 07 CR 319 earlier that same day. If Arnett's three *current* forgery convictions in the case before us—case No. 07 CR 404—triggered the 45 days of imprisonment as a condition of her probation (as required by K.S.A. 21-3710[b][4]), then all of her three prior forgery convictions in case No. 07 CR 319 could be used to calculate her criminal history. The Court of Appeals came to this conclusion in its decision in this case. *Arnett,* slip op. at 5.

As we noted in *Gilley,* the progressive sentencing scheme for forgery convictions does not make any reference to "prior convictions." Compare K.S.A. 21-3710(b) (referencing a "first conviction," "second conviction," and "third or subsequent conviction") with K.S.A. 21-4710(a) (defining "prior conviction" as any conviction other than that included in the same information or complaint or joined for trial). Instead, K.S.A. 21-3710(b) simply references the *number* of forgery convictions of a particular defendant.

We explained in *Gilley* what is clearly applicable here:

"Because K.S.A. 21-3710(b) does not limit progressive sentencing to prior forgery convictions but rather focuses on the number of forgery convictions incurred

by a defendant, any forgery conviction can be used to heighten the defendant's conditions of probation. Had the district court treated Gilley's Count 1 as a first conviction, Count 2 as a second conviction, and Count 3 as a third conviction under the provisions of K.S.A. 21-3710(b), all three prior forgery convictions would have been available to be counted for criminal history purposes." *Gilley*, slip op. at 10.

Instead, as the record clearly establishes, Arnett's plea to Count 1 in the instant case was treated as a third forgery conviction under K.S.A. 21-3710(b)(4). At the time she entered her plea to Count 1, she was charged with two additional counts of forgery in the same complaint, but these charges were not convictions. Thus, the district court could not and did not rely upon such charges but only upon her prior forgery convictions to establish a third conviction for Count 1 in the present case.

It is quite clear from the record that the district court properly relied upon two of Arnett's prior forgery convictions in case No. 07 CR 319 to increase the mandatory minimum sentence for the crime of conviction in the progressive sentencing scheme in K.S.A. 21-3710(b)(4), thus enhancing the applicable penalty for the primary forgery offense. Therefore, the plain language of K.S.A. 21-4710(d)(11) precludes two of those prior forgery convictions from being used again to calculate the defendant's criminal history score.

Accordingly, the district court did not err when it reduced Arnett's criminal history score to F (two nonperson felonies). The plain language of K.S.A. 21-4710(d)(11) states that "all other prior convictions [not used to enhance severity level or applicable sentencing penalties] will be considered and scored" for criminal history purposes. As a result, only one of the prior forgery convictions in case No. 07 CR 319 was then still available to enhance Arnett's criminal history score. When combined with the only other felony disclosed on her criminal history worksheet—the nonperson felony of attempted theft in Saline County in 2006 in case No. 06 CR 1423, the score of F (two nonperson felonies) was the correct criminal history score. There was no error by the district court.

The judgment of the Court of Appeals reversing the district court is reversed. The judgment of the Reno County District Court is affirmed.