NOT DESIGNATED FOR PUBLICATION

No. 115,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHARVELLE ROBINSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 9, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Charvelle Robinson appeals from the district court's summary denial of his motion under K.S.A. 60-1507, which the court found to be untimely. Robinson argues that the district court should have held an evidentiary hearing to determine whether he had a legitimate reason for the delay in filing or a colorable claim of actual innocence. Finding no error in the district court's ruling, we affirm.

1

On March 23, 2005, the State charged Robinson with two counts of aggravated robbery. The complaint alleged that Robinson, while armed with a gun, took money and a vehicle from Tracy Whitworth. Robinson pled not guilty. At his first jury trial, the district court declared a mistrial because of a hung jury. In November 2005 a new jury found Robinson guilty of both counts. The district court sentenced Robinson to 277 months' imprisonment.

Robinson appealed the jury's verdicts, claiming that his trial counsel's refusal to call Larry Barnett and Paul Barnett as witnesses violated his rights to due process and to present witnesses in his own defense pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. Robinson also argued that his sentence should have been what the district court judge pronounced from the bench in open court rather than what was reflected on the journal entry and that the sentencing court erred in using his criminal history that was not proven beyond a reasonable doubt to a jury to enhance his sentence.

On November 7, 2007, a panel of this court affirmed Robinson's convictions. *State v. Robinson*, No. 96,486, 2007 WL 4158148 (Kan. App. 2007) (unpublished opinion). Specifically, the panel held that trial counsel's decision not to call the Barnetts as witnesses was a reasonable trial strategy. This court further ruled that the journal entry was properly corrected to reflect an arithmetic error that occurred when the sentence was pronounced from the bench. Finally, our court rejected Robinson's criminal history argument, relying on *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). *Robinson*, 2007 WL 4158148, at *2-3. A mandate affirming the trial court on all issues was filed on May 30, 2008.

On April 27, 2015, Robinson filed a motion for permission to file a K.S.A. 60-1507 motion out of time as well as a proposed K.S.A. 60-1507 motion. In the motion for permission to file out of time, Robinson stated that the failure to permit him to file his untimely K.S.A. 60-1507 motion would "be a manifest injustice" because his "[c]onstitutional [r]ights were unnecessarily violated without regards for the truth." In the 60-1507 motion Robinson alleged that (1) his appellate counsel was ineffective; (2) there was no probable cause supporting his arrest and detention; (3) trial counsel was ineffective for failing to subpoena and call the Barnetts as witnesses and failing to inform the jury that the Barnetts received plea bargains; (4) trial counsel was ineffective for not challenging a witness' faulty memory; (5) trial counsel was ineffective for working "in sync with the prosecutor to ignore" evidence; (6) trial counsel was ineffective for failing to ask for a particular jury instruction, as well as asking that several instructions not be given; (7) there was insufficient evidence to support his convictions; (8) the prosecutor committed prosecutorial misconduct because someone else committed the crime; (9) the district court erred by failing to dismiss the case because of a delay; and (10) the prosecutor, judge, and trial counsel "worked together to cause a verdict of guilty without evidence or witnesses."

The State responded to Robinson's motions by arguing that the district court should deny the K.S.A. 60-1507 motion as untimely because Robinson made no attempt to explain why he waited 7 years after the mandate in his direct appeal to bring his K.S.A. 60-1507 motion.

The district court agreed with the State and denied Robinson's K.S.A. 60-1507 motion because it was not timely filed. The court found that the 1-year time limitation of a K.S.A. 60-1507 motion can only be extended upon a showing of manifest injustice, but because Robinson failed to provide any explanation for his delay, and because Robinson made no colorable claim of actual innocence, he could not show manifest injustice. Further, the district court concluded Robinson's claim of actual innocence was really just

3

a claim of trial error that was or should have been previously raised on direct appeal, and Robinson could not use a K.S.A. 60-1507 motion as a second direct appeal. Robinson now brings this timely appeal of the district court's denial of his motion.

ANALYSIS

K.S.A. 2016 Supp. 60-1507(a) permits a person in custody to move the sentencing court to vacate, set aside, or correct his or her sentence if: the sentence imposed violates the constitution or laws of the United States or State of Kansas; the sentencing court lacked jurisdiction to impose the sentence; or the sentence imposed was in excess of the maximum authorized by law. There are, however, strict time limits for making such a motion. K.S.A. 2016 Supp. 60-1507(f)(1) provides in pertinent part that "[a]ny action under this section must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." There is an exception to this time limit whereby "[t]he time limitation . . . may be extended by the court only to prevent a manifest injustice." K.S.A. 2016 Supp. 60-1507(f)(2).

Robinson makes several claims as to why the district court erred in denying his K.S.A. 60-1507 motion as untimely. First, he contends that the district court should have undertaken a more extensive inquiry to determine whether there were good reasons for Robinson's failure to timely file his motion. Specifically, Robinson argues that under the liberal construction of pleading requirements afforded to pro se movants, the district court should have assumed that in filing a K.S.A. 60-1507 motion, Robinson had a valid reason as to why the motion was not timely filed as well as a colorable claim of actual innocence. Because of this, Robinson contends the district court should have held an evidentiary hearing to determine why Robinson did not file his motion within the 1-year time limitation.

4

Next, Robinson takes issue with the district court's summary denial of his motion because the district court made conclusory statements and did not issue findings of fact or conclusions of law.

Finally, Robinson argues that when his motion is "liberally construed there is no doubt that he is making a claim of actual innocence," and the district court should have conducted an evidentiary hearing to determine whether his claim of innocence was colorable. Robinson asks us to conclude that the district court should have allowed his motion to be filed out of time. He contends that we must remand his case to the district court so that Robinson can "file and/or supplement his [motion]."

The State, in turn, argues that under the 2016 amendment to K.S.A. 60-1507's time limitation—which the State claims operates retroactively—the district court was permitted to summarily deny Robinson's motion because it did not need to look at the totality of the circumstances to determine whether dismissal would result in manifest injustice. Additionally, the State points out, the burden was on Robinson to show that the time limit should have been extended to prevent manifest injustice, but Robinson failed to offer any explanation for the delay. The State also disputes Robinson's contention that he should be "given a break" because he is a pro se litigant since pro se K.S.A. 60-1507 movants are held to the same standards as all civil litigants. Finally, the State contests Robinson's attempt to invoke actual innocence, arguing that his claims of actual innocence were already known to him and presented at trial and on direct appeal. Thus, the State claims, the district court was justified in summarily denying Robinson's untimely K.S.A. 60-1507 motion.

Robinson filed his K.S.A. 60-1507 motion 7 years after his direct appeal. In his motion for permission to file the K.S.A. 60-1507 motion out of time, the only argument Robinson made about manifest injustice was that his constitutional rights were

unnecessarily violated without regards for the truth. The district court summarily denied Robinson's motion as untimely because Robinson

> "ma[de] no attempt to explain why he waited seven years after his direct appeal was completed to raise his claims in the 1507 motion. Moreover, none of [Robinson's] claims present substantial issues of fact or law that would support a claim of manifest injustice nor is there any compelling or colorable claim of actual innocence."

A district court is permitted to summarily deny an untimely K.S.A. 60-1507 motion without a hearing if the "files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 2016 Supp. 60-1507(b). If the district court summarily denies a 60-1507 motion without a hearing, this court exercises de novo review on appeal. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). To the extent that the determination of whether Robinson complied with the time limitation set out in K.S.A. 60-1507 involves statutory interpretation, this court's review is unlimited. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

As noted above, the failure to comply with the 1-year time limitation set forth in K.S.A. 2016 Supp. 60-1507(f)(1) can be excused only if it is necessary to prevent manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). Our Supreme Court set out the factors to consider when conducting a manifest injustice inquiry in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). Under *Vontress*, courts are to consider whether

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence." 299 Kan. at 616.

6

In 2016, however, K.S.A. 60-1507 was amended to further constrict the grounds for relief where motions are filed outside the 1-year time period:

> "For the purposes of finding manifest injustice under this section, the court's inquiries shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A).

We note that other panels of this court have held the more restrictive language of the 2016 amendment to be procedural in nature rather than substantive, thus concluding that the amendment is to be applied retroactively. See *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 3, 2017; *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 2, 2017; *Rojas-Marceleno v. State*, No. 115,140, 2017 WL 1196731, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* May 1, 2017. But we find it unnecessary to address the issue of whether the 2016 provisions operate retroactively or only prospectively.

Even under the less restrictive approach articulated by *Vontress*, Robinson has failed to make sufficient allegations to entitle him to an evidentiary hearing before the district court on his motion. In reaching this conclusion we have carefully considered the three prongs of the *Vontress* test for manifest injustice to determine if there are persuasive reasons that prevented Robinson from filing his K.S.A. 60-1507 motion within 1 year; whether Robinson has raised substantial issues of law or fact from his trial; and whether Robinson has made a colorable claim of actual innocence. See *Vontress*, 299 Kan. at 616.

*Manifest injustice*

Our Supreme Court has interpreted the phrase "manifest injustice" to mean "obviously unfair or shocking to the conscience." *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). It is the movant's burden to establish manifest injustice by a preponderance of the evidence. Supreme Court Rule 183(g) (2017 Kan. S. Ct. R. 222). Contrary to Robinson's assertion, "a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants, and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel. [Citation omitted.]" *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007).

A movant can show manifest injustice if he or she can establish "circumstances that prevented him from asserting his claim before the 1-year time limitation had expired." *Toney v. State*, 39 Kan. App. 2d 944, 947, 187 P.3d 122 (2008) ("[Movant] does not allege any circumstances that prevented him from asserting his claim before the 1-year time limitation had expired. [Movant] has not demonstrated that the 1-year time limitation should be extended to prevent manifest injustice.").

Robinson provided no explanation for the 7-year delay in filing his motion, either in the district court or on appeal. The burden is on Robinson to establish manifest injustice, and an issue not briefed is deemed waived or abandoned. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011); see also *Perry*, 2017 WL 462659, at *4 ("Yet, in this appeal, Perry does not explain why he waited nearly 2 years . . . to file his current 1507 motion. An issue not briefed is deemed waived or abandoned. [Citation omitted.] Perry has failed to show manifest injustice.").

Robinson's claim that the district court should have conducted an evidentiary hearing to determine why Robinson's motion was not timely filed also fails. First, it is important to note that Robinson provides no support for his contention that an evidentiary

hearing was warranted because it was the duty of the district court to determine "whether there were legitimate reasons why the defendant did not timely file the [motion]." Failure to support a point with pertinent authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). This also requires us to treat this issue waived or abandoned. *Superior Boiler Works, Inc.*, 292 Kan. at 889.

Even on the merits, Robinson's claim is unpersuasive. K.S.A. 2016 Supp. 60-1507(f)(3) permits the district court to summarily deny a K.S.A. 60-1507 motion without conducting an evidentiary hearing if it determines that the time limits have been exceeded and dismissal would not result in manifest injustice. Here, the district court correctly found that Robinson's motion was untimely and dismissal would not result in manifest injustice because Robinson proffered no explanation for the 7-year delay; thus, the district court did not need to conduct an evidentiary hearing.

In addition, as discussed above, pro se K.S.A. 60-1507 movants are held to the same standard as all other civil litigants, and the burden is on the movant to establish manifest injustice. It was not the duty of the district court to determine why Robinson waited 7 years to file his K.S.A. 60-1507 motion when Robinson himself provided no explanation for the delay nor did he make any other arguments related to manifest injustice. See *State v. Kingsley*, 299 Kan. 896, 900, 326 P.3d 1083 (2014) ("While [the time] limitation can be extended under a manifest injustice exception, [movant], who has the burden of showing the exception applies, did not request such an extension and did not explain the 19-year delay. Therefore, [movant] has filed to meet his burden and has waived any argument that he should be allowed to bring an untimely request for relief under K.S.A. 60-1507.").

Finally, Robinson disputes the district court's summary denial of his motion because it failed to make findings of fact and conclusions of law. This argument lacks

merit. First, the district court can summarily deny a K.S.A. 60-1507 motion where—as here—a review of the record shows that it is untimely and dismissal will not cause manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(3). Second, the district court did not—as Robinson claims—simply make conclusory statements in summarily denying his motion. In its final order, the district court considered Robinson's claims of ineffective assistance of counsel and actual innocence and ultimately determined that based on the factors expounded by the Kansas Supreme Court in *Vontress*, Robinson failed to show manifest injustice or any colorable claim of actual innocence. The district court made clear that it was denying Robinson's motion as untimely and that Robinson failed to establish the manifest injustice required to extend the time limit; this is sufficient to permit meaningful appellate review. See *Hutton v. State*, No. 112,862, 2016 WL 368066, at *4 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. __ (January 23, 2017).

*Colorable claim of actual innocence*

Robinson also claims that the district court erred in denying his motion as untimely because he made a colorable claim of actual innocence. "[T]he term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Whether we apply this statutory amendment to Robinson's case or merely apply the *Vontress* standards, Robinson has not met this burden.

Robinson claims that by "construing the pleadings liberally . . . it can be determined that [Robinson] is making a 'colorable claim of actual innocence.'" Specifically, he claimed in his K.S.A. 60-1507 motion that only two people were involved in the robbery, the prosecutor was aware of this, Robinson never participated in the crimes, and there were facts showing that he "was in fact innocent." Robinson asserts that this is enough to entitle him to relief under K.S.A. 60-1507.

10

But Robinson's claim that only two people were involved in the robbery and that he was not one of them is not new evidence as required by K.S.A. 2016 Supp. 60-1507(f)(2)(A); these claims were already known to Robinson at the time of trial and were—or could have been—raised on his direct appeal. In fact, these claims of innocence stem from trial counsel's refusal to call the Barnetts as witnesses because Robinson alleges that the Barnetts would have testified that they alone committed the robbery. The Court of Appeals, however, already dismissed this claim on direct appeal, holding that trial counsel conducted a reasonable investigation into the Barnetts as potential witnesses and made a strategic trial decision not to call them as witnesses. See *Robinson*, 2007 WL 4158148, at *2. Supreme Court Rule 183(c)(3) (2017 Kan. S. Ct. 223) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

As observed by the district court, Robinson is attempting to raise the same arguments that he already raised—or should have raised—on direct appeal. Robinson cannot now use a K.S.A. 60-1507 motion as a second direct appeal. See *Kelly*, 291 Kan. 868, Syl. ¶ 1.

Robinson also claims that there are facts indicating that he is innocent. Robinson does not, however, expand upon these facts. This is a vague and conclusory statement that is insufficient to rise to the level of a colorable claim of actual innocence. See *Aguilera v. State*, No. 112,929, 2016 WL 299078, at *3 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. __ (January 23, 2017) (movant's claim that evidence against him at trial was "not completely convincing" was conclusory statement insufficient to demonstrate colorable claim of actual innocence); *State v. Olds*, No. 112,576, 2015 WL 6456511, at *3 (Kan. App. 2015) (unpublished opinion), *rev. denied*

11

304 Kan. 1020 (2016) ("Without something more than a conclusory statement, we find that Olds has failed to demonstrate a colorable claim of actual innocence."). Robinson has failed to show that it is more likely than not that based on this new evidence, no reasonable jury would have convicted him.

Finally, Robinson alleges that the district court should have conducted an evidentiary hearing to see if his claim of actual innocence was in fact colorable. Again, Robinson provides no authority in support of his contention that an evidentiary hearing was required. The failure to support an argument with pertinent authority is akin to failing to brief the issue. *University of Kan. Hosp. Auth.*, 301 Kan. at 1001. Once again, an issue not briefed by the appellant is deemed waived or abandoned. *Superior Boiler Works, Inc.*, 292 Kan. at 889. Furthermore, K.S.A. 2016 Supp. 60-1507(f)(3) permits the district court to rely on "its own inspection of the motions, files and records of the case," to determine whether manifest injustice would result upon dismissal. Because the district court correctly found that Robinson failed to make a claim of manifest injustice or a colorable claim of actual innocence, an evidentiary hearing was neither required nor appropriate.

Robinson has failed to show manifest injustice or a colorable claim of actual innocence as required to excuse his failure to file his K.S.A. 60-1507 motion within the 1-year time limitation. The district court properly applied the pertinent factors under *Vontress* and correctly denied Robinson's motion as untimely.

Affirmed.