NOT DESIGNATED FOR PUBLICATION

No. 124,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAYMOND P. STILLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed December 2, 2022. Sentences vacated and case remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, assistant district attorney, *Suzanne Valdez*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and PATRICK D. MCANANY, S.J.


PER CURIAM: Defendant Raymond P. Stilley contends the Douglas County District Court overstated his criminal history score in this case by treating an earlier Mississippi conviction for conspiracy as a person felony when it sentenced him on two counts of aggravated robbery. We agree. The district court engaged in impermissible judicial fact-finding in making that determination. The State simply counters that the district court ruled correctly and should be affirmed. In the absence of any request from the State for alternative relief if there were error, we vacate Stilley's sentences and

1

remand to the district court with directions to score the Mississippi conspiracy conviction as a nonperson felony and to resentence Stilley accordingly.

FACTUAL AND PROCEDURAL HISTORY

In May 2021, Stilley pleaded no contest to and was convicted of the aggravated robberies stemming from a July 2020 incident in which he entered the home of his grandparents and robbed them at gunpoint. The details of the crimes are irrelevant to the sentencing issue before us. The presentence investigation report to the district court indicated the Mississippi conspiracy conviction should be treated as a nonperson felony for criminal history purposes. The State objected, and the district court continued the sentencing to allow the State to obtain documents bearing on the conviction.

At the reconvened sentencing hearing in August 2021, the State produced a grand jury indictment returned in DeSoto County, Mississippi, in February 2008, charging Stilley with one count of conspiracy to commit a crime under Miss. Code. Ann. § 97-1-1(1)(a) and identifying the crime as armed robbery and with a second count of robbery by use of a deadly weapon under Miss. Code. Ann. § 97-3-79. The State also produced an order from the DeSoto County Circuit Court showing that Stilley was sentenced in May 2008 following guilty pleas to crimes identified as one count of conspiracy and one count of armed robbery. The sentencing order does not specify what crime Stilley conspired to commit.

The State argued those documents established the Mississippi conspiracy conviction to be a person felony for purposes of Stilley's criminal history score. Stilley said not. The district court sided with the State. As a result, the district court found Stilley had two past person felonies, placing him in criminal history category B. Had the district court treated the Mississippi conspiracy conviction as a nonperson felony, Stilley would have been in criminal history category C. The district court imposed a standard guidelines

sentence of 216 months in prison on the first count of aggravated robbery and a concurrent term of 59 months on the second count with postrelease supervision for 36 months. The controlling standard guidelines sentence using criminal history C would have been 102 months in prison. Stilley has appealed.

LEGAL ANALYSIS

For his only issue on appeal, Stilley disputes the district court's treatment of the Mississippi conspiracy conviction as a person felony. We perceive no dispute about the material facts. The outcome here turns on the relevant Kansas and Mississippi statutes and the documents the State offered related to Stilley's conspiracy conviction. That adds up to a question of law we decide without deference to the district court's ruling. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010) (appellate court exercises unlimited review over question of law); *State v. Mejia*, 58 Kan. App. 2d 229, 231-32, 446 P.3d 1217 (2020) (when material facts are undisputed, issue presents question of law; no deference given to district court).

The parties agree we should start with K.S.A. 2021 Supp. 21-6811(e), governing how to score out-of-state convictions for criminal history purposes. The parties also agree Mississippi considers Stilley's conspiracy conviction to be a felony, and that designation controls in determining his criminal history in this case. See K.S.A. 2021 Supp. 21-6811(e)(2)(A). What remains is whether the conspiracy conviction should be classified as a person crime or a nonperson crime under the Kansas sentencing scheme. There are two ways an out-of-state conspiracy conviction may be considered a person crime:

• A conspiracy to commit a felony offense will be scored as a person crime if an element of the underlying or target offense of the conspiracy requires a specified form of violence, the exchange of a controlled or illegal drug, the commission of specified sexual

3

acts, or entering or remaining in a placed used as dwelling. K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i). In its entirety, K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i) states:

> "(i) An out-of-state conviction or adjudication for the commission of a felony offense, or an attempt, conspiracy or criminal solicitation to commit a felony offense, shall be classified as a person felony if one or more of the following circumstances is present as defined by the convicting jurisdiction in the elements of the out-of-state offense:
>
> (a) Death or killing of any human being;
>
> (b) threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person;
>
> (c) bodily harm or injury, physical neglect or abuse, restraint, confinement or touching of any person, without regard to degree;
>
> (d) the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance;
>
> (e) possessing, viewing, depicting, distributing, recording or transmitting an image of any person;
>
> (f) lewd fondling or touching, sexual intercourse or sodomy with or by any person or an unlawful sexual act involving a child under the age of consent;
>
> (g) being armed with, using, displaying or brandishing a firearm or other weapon, excluding crimes of mere unlawful possession; or
>
> (h) entering or remaining within any residence, dwelling or habitation."

• A conspiracy to commit a felony offense will be scored as a person crime if the elements of the underlying or target offense of the conspiracy require the presence of a person other than the defendant, a charged accomplice, or someone engaging in a drug transaction with the defendant. K.S.A. 2021 Supp. 21-6811(e)(3)(B)(ii).

If neither subsection covers the out-of-state conspiracy conviction, then the conviction should be scored as a nonperson felony for criminal history purposes. K.S.A. 2021 Supp. 21-6811(e)(3)(B)(iii) (out-of-state conviction for conspiracy "to commit a

4

felony offense . . . shall be classified as a nonperson felony if the elements of the offense do not require proof of any of the circumstances in subparagraph [B][i] or[ii]").

We now turn to Miss. Code. Ann. § 97-1-1 that criminalizes conspiratorial conduct in that state. Relevant here, the statute punishes two or more persons if they "conspire to commit a crime." Miss. Code. Ann. § 97-1-1(1)(a). In separate subsections, the statute then identifies agreements to engage in seven other types of wrongful conduct that can be punished as criminal conspiracies. Miss. Code. Ann. § 97-1-1(1)(b)-(h). The other subsections appear to have no bearing on Stilley's conviction, since the indictment cited Miss. Code. Ann. § 97-1-1(1)(a) as the operative subsection. Nobody has suggested otherwise in the district court or in this appeal.

The statutory language in K.S.A. 2021 Supp. 21-6811(e)(3)(B) describing what out-of-state conspiracies should be scored as person felonies does not cleanly dovetail with the language in Miss. Code. Ann. § 97-1-1(1)(a) defining a criminal conspiracy. A Mississippi conspiracy simply requires an agreement to commit "a crime." And any felony will suffice. See Miss. Code. Ann. § 97-1-1(4) (conspiracy to commit a misdemeanor "shall be punished as a misdemeanor"). Mississippi recognizes various property crimes as felonies that do not satisfy the requirements of either K.S.A. 2021 Supp. 21-6811(e)(3)(B)(i) or K.S.A. 2021 Supp. 21-6811(e)(3)(B)(ii). For example, grand larceny, criminalized as a felony in Miss. Code Ann. § 97-17-41, requires only the "taking and carrying away" of the property of another person valued at $1,000 or more. The penalties are stair-stepped to increase as the value of the taken property does. So a conviction for conspiracy in which the object crime is grand larceny would not be a person felony in Kansas for criminal history purposes.

Moreover, the Mississippi appellate courts have held that the government need not prove the elements of the target crime to convict a defendant of conspiracy—proof of a general agreement to commit a crime is enough. *Berry v. State*, 996 So. 2d 782, 788-89

5

(Miss. 2008); *Magee v. State*, ___ So. 3d ___, 2022 WL 1013267, at *13 (Miss. Ct. App. 2022). So, based on the statutory elements alone, a Mississippi conviction for conspiracy is necessarily ambiguous as to the underlying or target crime. In turn, the fact of conviction for conspiracy cannot, without something more, establish the crime as a person felony under K.S.A. 2021 Supp. 21-6811(e)(3)(B).

Here, the district court filled that void by considering the facts recited in the grand jury indictment of Stilley for conspiracy and the companion charge of armed robbery. In doing so, the district court engaged in impermissible judicial fact-finding compromising Stilley's rights to jury trial and to due process protected respectively in the Sixth and Fourteenth Amendments to the United States Constitution, as the United States Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and reiterated in a series of cases. Measured against that authority, the district court's designation of Stilley's Mississippi conspiracy conviction as a person felony cannot stand.

In *Apprendi*, the Court held that a fact, other than the existence of a previous conviction, used to increase a criminal defendant's sentence above a statutory maximum must be proved to a jury beyond a reasonable doubt. 530 U.S. at 490. The Court has since recognized that a defendant's factual admissions—in the course of a guilty plea, for example—may be used to increase his or her sentence. *United States v. Booker*, 543 U.S. 220, 244, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). The Kansas Supreme Court has applied the rule of *Apprendi* to factors increasing a criminal defendant's presumptive term of incarceration under the sentencing guidelines, including his or her criminal history. *State v. Dickey*, 301 Kan. 1018, 1021, 350 P.3d 1054 (2015); see *State v. Gould*, 271 Kan. 394, 410-11, 23 P.3d 801 (2001). As explained in *Dickey*, a conviction in and of itself establishes the statutory elements of the crime and any facts inherent in those elements. 301 Kan. at 1036-38. Accordingly, as we have indicated, a Mississippi

conspiracy conviction establishes no more than the defendant conspired with another person to commit "a crime" or to act in one of the other proscribed ways.

If a statute defines multiple ways of committing a particular crime, the district court may review documents related to a defendant's conviction to determine which way governed the conviction. In turn, the district court should then consider the statutory elements of that particular means of committing the crime. *Descamps v. United States*, 570 U.S. 254, 261-64, 269-70, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); *Dickey*, 301 Kan. at 1037-38. Because the Mississippi conspiracy statute outlines multiple ways of committing the crime, the district court properly could consider the indictment, the sentencing order, or other documents from that case to determine which statutory subsection applied to Stilley's conviction. As we have explained, the indictment charged Stilley under Miss. Code. Ann. § 97-1-1(1)(a) for conspiring (in the words of the statute) to commit "a crime." The district court could determine that much about the conspiracy conviction without stepping over the line drawn in *Apprendi* marking constitutionally impermissible judicial fact-finding.

But the district court could not rely on any case-specific factual recitations in those documents to augment the statutory elements applicable to Stilley's conviction. That would cross the constitutional line. *Descamps*, 570 U.S. at 263-64; *Dickey*, 301 Kan. at 1038-39. The district court, therefore, erred in considering the factual circumstances stated in the indictment to find the objective of the conspiracy was an armed robbery. The error violated Stilley's constitutional right to have a jury determine a fact beyond the statutory elements of the conspiracy conviction to increase his criminal history and sentences in this case.

In wrapping up our discussion, we recognize the language in K.S.A. 2021 Supp. 21-6811(e)(3)(b)(i) can be read to direct the district court to consider the elements of the predicate or target crime in scoring a defendant's out-of-state conspiracy conviction for

7

criminal history purposes. The phrase "the elements of the out-of-state offense" at the end of the introductory paragraph of that subsection more naturally seems to refer to the target crime if the out-of-state conviction is for conspiracy. Here, that would be robbery by use of a deadly weapon under Miss. Code. Ann. § 97-3-79. Even assuming that's what the Legislature intended, a statutory directive cannot override a criminal defendant's constitutional rights and, therefore, cannot rescue the district court from its constitutional error. Conversely, of course, if the statutory phrase refers to the elements of Stilley's out-of-state conspiracy conviction itself, the district court erred in looking beyond those elements to consider the factual assertions in the indictment and the companion charge for robbery. In short, under no circumstance could the district court properly consider the factual content of the indictment or conviction order as the basis for scoring Stilley's Mississippi conspiracy conviction as a person felony.

On appeal, the State has argued simply that the district court committed no error and should be affirmed. Stilley has asked that we find error, vacate his sentences, and remand to the district court for resentencing with the conspiracy conviction scored as a nonperson felony. The State neither suggests that relief would be legally inappropriate if the district court erred nor proposes some alternative remedy.

Sentences vacated and case remanded to the district court with directions to resentence Stilley scoring his Mississippi conviction for conspiracy as a nonperson felony.